UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OKEISH DAVIS,

    Plaintiff,

v.

NATIONWIDE COLLECTION AGENCIES,
INC., D/B/A/ MONEY RECOVERY
NATIONWIDE,

    Defendants.
_____/

Case No. 17-13618

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10]**

Plaintiff Okeish Davis, through counsel, commenced this Fair Debt Collection Practices Act ("FDCPA") action against Defendant Money Recovery Nationwide ("MRN") on November 6, 2017. On February 23, 2018, Plaintiff filed a Motion for Summary Judgment [10]. Defendant filed a Response [12] on April 6, 2018. Plaintiff filed a Reply [17] on April 27, 2018. Having considered the parties' submissions, the Court finds the Motion suitable for determination without oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated below, Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff disputes two consumer-type debts owed to St. John Emergency Physicians and Emergency Department Physician. St. John Emergency Physicians

referred a $197.00 debt to Defendant MRN, a collection agency, on September 14, 2012. Emergency Department Physician referred a $376.00 debt to Defendant on May 14, 2013.

On May 8, 2017, Plaintiff received his credit files and noticed that Defendant had reported the alleged debts. On June 29, 2017, Plaintiff sent Defendant a letter stating that he disputed the two debts owed to St. John Emergency Physicians and Emergency Department Physician. On July 6, 2017, Defendant documented receipt of Plaintiff's letter and notated Plaintiff's account as disputed.

On August 2, 2017, Defendant reported Plaintiff's account to three credit bureaus, including Equifax. Plaintiff's account included a compliance condition designation of "XB," which indicates that the account was disputed. Def. Decl., ¶¶ 15. Plaintiff's account also included a status designation of "DA," which indicates a request for deletion of the account from Plaintiff's consumer report. Def. Decl., ¶¶ 16.

On October 10, 2017, and again on November 2, 2017, Plaintiff accessed a copy of his Equifax credit file, provided by Credit Karma, and noticed that the debts had not been flagged as disputed.

Plaintiff commenced this action on November 7, 2017. Count I of the Complaint alleges that Defendants violated 15 U.S.C. § 1692e(8) by failing to

communicate that the debts were disputed. Counts II and III allege state law claims. Before the Court is Plaintiff's Motion for Summary Judgment [10] on Count I filed on February 23, 2018.[1]

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

15 U.S.C. § 1692e provides that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection

---

[1] Because Plaintiff requests that the Court enter summary judgment in his favor with respect to Count I only, the Court construes Plaintiff's Motion [10] as a motion for partial summary judgment.

of any debt." This includes a debt collector's failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

Plaintiff argues that Defendant violated § 1692e(8) by failing to communicate to credit reporting agencies, including Equifax, that the debts owed to St. John Emergency Physicians and Emergency Department Physician were disputed. Plaintiff submits that because the Equifax credit reports, dated October 5, 2017 and November 2, 2017, lacked notations that the debts were disputed, the Court must conclude that Defendant is responsible for failing to communicate the disputed debts to Equifax in violation of § 1692e(8).

Defendant's affidavit and records contradict this conclusion. The accounts Defendant provided to the credit reporting agencies were plainly marked as disputed, signified by the use of designation "XB." *See* Def. Decl., ¶ 15; *see also Green v. Midland Funding, LLC*, No. 16-13029, 2018 WL 1146877, at *2 (E.D. Mich. Jan. 29, 2018), *report and recommendation adopted,* No. 16-CV-13029, 2018 WL 1141800 (E.D. Mich. Mar. 2, 2018); *Fulton v. Equifax Info. Servs., LLC*, No. 15-14110, 2016 WL 5661588, at *3 (E.D. Mich. Sept. 30, 2016) (noting that "Plaintiff's dispute was internally noted on Plaintiff's account . . . and was communicated to Equifax by use of the 'XB' compliance code[.]").

Moreover, through its use of the indicator "DA," Defendant even requested that the credit bureaus delete the disputed accounts from Plaintiff's consumer reports. *See* Def. Decl., ¶¶ 16-17.

Viewing the evidence in the light most favorable to Defendant, the Court cannot conclude that Defendant failed to communicate to the credit reporting agencies that Plaintiff's account was contested. In fact, the undisputed evidence supports precisely the opposite conclusion – that Defendant did acknowledge and communicate the disputed debt in compliance with § 1692e(8).[2] Summary judgment for Plaintiff is unwarranted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
Arthur J. Tarnow<br>
Senior United States District Judge

Dated: June 18, 2018

---

[2] The Court notes that Defendant also argues that: 1) the Equifax report on which Plaintiff relies is inadmissible hearsay; and 2) it is entitled to judgment in its favor on the basis of the Bona Fide Error defense. However, because Defendant has provided sufficient evidence to defeat Plaintiff's Motion for Summary Judgment, the Court need not, and does not, address these issues here.